*Formatted for Electronic Distribution* *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

Filed & Entered
On Docket
08/07/2024

_____

**In re:**
    **Daniel T. Quinn,**      Case No. 15-10217
    **Debtor.**      Chapter 13

_____

*Appearances:*

*Daniel T. Quinn*      *Jan M. Sensenich, Esq.*
*Woodstock, Vermont*      *Norwich, Vermont*
*Pro Se Debtor*      *Chapter 13 Trustee*

*Jeffrey J. Hardiman, Esq.*
*Brock & Scott*
*Pawtucket, Rhode Island*
*For Bank of New York Mellon*

### MEMORANDUM OF DECISION
### DENYING DEBTOR'S MOTION TO REOPEN CHAPTER 13 CASE

Pending before the Court is Debtor's Motion to Reopen his Chapter 13 case (doc. # 135).[1] Debtor seeks to reopen his previously dismissed Chapter 13 case to determine whether his mortgage creditor and its servicer, together with their lawyers, committed "fraud, deception, malfeasance, and other unlawful actions to unlawfully force Debtor into bankruptcy in violation of the Fair Debt Collection Practices Act (FDCPA) and other federal laws." For the reasons set forth below, based upon the facts and circumstances of this case, the Court finds Debtor has failed to establish cause to reopen his case. Thus, Debtor's Motion to Reopen is denied.

---

[1] The complete title of Debtor's Motion is as follows: "Debtor's Motion to Reopen Bankruptcy Proceedings to Address Fraud and Deception from Alleged Creditor Bank of New York, Mellon ("BONYM") Through Alleged Servicer "Shellpoint" and Lawyers and Law Firms (Hereinafter "Debt Collectors"); Debtor's Request for Hearing on Debt Collectors [sic] Violations of Fair Debt Collection Practices Act (FDCPA) and Other Federal Consumer Protection Statutes; Debtor's Request for Sanctions Against Debt Collectors, Including Permanent Bar From Any Future Collections Against Debtor; Debtor's Request for Court's Referral of Proceedings to Federal Department of Justice (DOJ) For Investigation Into (Criminal) Actions of Debt Collectors Here."

1

## JURISDICTION

The Court has jurisdiction over Debtor's Motion to Reopen pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by the U.S. District Court on June 22, 2012. The issue before the Court constitutes a core proceeding according to 28 U.S.C. § 157 (b)(2)(A) and (C), over which this Court has constitutional authority to enter a final judgment.

## BACKGROUND

On May 4, 2015, Daniel T. Quinn ("Debtor") initiated his Chapter 13 bankruptcy case. The Court confirmed Debtor's Chapter 13 Plan on December 9, 2015 (doc. # 28). On May 19, 2017, after notice and a hearing, the Court dismissed Debtor's bankruptcy case based upon Debtor's failure to make plan payments for over a year, failure to consummate the sale of real property by May 1, 2016 as required by the confirmed Chapter 13 Plan, and his failure to comply with the Court's order to retain counsel and file a modified plan by May 19, 2017 (doc. # 71). At the hearing on May 19, 2017, the Court considered various motions filed by Debtor, including a motion to "dismiss" mortgage creditors for lack of standing (docs. #54; 71). On appeal, the United States District Court for the District of Vermont (J. Crawford), Case No. 5:17-cv-137, affirmed the dismissal of Debtor's bankruptcy case (doc. # 106). The United States Court of Appeals for the Second Circuit dismissed the appeal because it "lacks an arguable basis either in law or in fact." (doc. # 131). The Chapter 13 Trustee's Final Report and Account was approved by the Court on March 6, 2018 (doc. # 97) and on September 15, 2020, a Final Decree issued and Debtor's bankruptcy case was closed (doc. # 133).

The Debtor's Motion to Reopen seeks to reopen his previously dismissed bankruptcy case for this Court to determine whether his mortgage holder and servicer "acted lawfully and appropriately in forcing Debtor into this bankruptcy and all of its proceedings." In support of his motion, Debtor relies upon a State Court Decision on a Motion to Vacate Judgment issued February 11, 2020 by the State of Vermont, Superior Court, Windsor Unit, Docket No. 736-10-09 Wrcv (the "State Court Decision") (doc. # 135-2). In the State Court Decision, Superior Court Judge Robert P. Gerety, Jr. vacated a previously issued judgment and decree of foreclosure based upon an order granting summary judgment. (*Id.*) The State Court Decision explains the summary judgment evidence was insufficient to support judgment as a matter of law and proceeded to schedule the foreclosure for a one-day bench trial. (*Id.*) In the Motion to Reopen, Debtor requests the following relief:

> (1) Debt Collectors [mortgage holder and servicer] be permanently barred from ever seeking compensation from this Debtor.
>
> (2) Debt Collectors be ordered to reimburse Debtor for all fees paid in this bankruptcy.

2

(3) That these proceedings be sent to Department of Justice for criminal investigation and prosecution of Debt Collectors, is appropriate.

(4) That based on Judge Gerety's Vacated Order, the Court finds Debt Collectors unlawfully forced Debtor into federal bankruptcy court and unlawfully proceeded against him in violation of FDCPA; federal Consumer Protection statures [sic]; etc.

(5) That based on Judge Gerety's Vacated Order, Debtor is entitled to appointment of counsel to be paid by Debt Collectors to recover damages for violations under FDCPA and other federal statutes.

(6) That based on Judge Gerety's Vacated Order, Debtor is entitled to have this bankruptcy sealed and/or expunged so that no record it exists anywhere to harm, embarrass, humiliate or cause additional pain and suffering to the Debtor.

(7) Any other relief the Honorable Court deems necessary and appropriate under the circumstances.

Doc. # 135. Debtor provides no guidance or legal authority pertaining to this Court's ability to grant the relief he requests.

On July 26, 2024, the Court held a hearing on Debtor's Motion to Reopen at which Debtor appeared, *pro se,* Jan M. Sensenich appeared in his capacity as Chapter 13 Trustee, and Jeffrey J. Hardiman, Esq. appeared on behalf of mortgage creditor, Bank of New York Mellon, f/k/a Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc., Asset Backed Certificates, Series 2007-13 (the "Bank"). At the hearing, Debtor and counsel for the Bank reported the State Court held a one-day evidentiary hearing in the foreclosure action on May 31, 2024 and the matter remains under advisement in the State Court. The Bank and the Chapter 13 Trustee argued that Debtor's recourse is more properly brought in the foreclosure action pending in State Court and that this Court cannot grant Debtor the relief he seeks. At the conclusion of the hearing, the Court took Debtor's Motion to Reopen under advisement.[2]

### THE STANDARD FOR REOPENING A CLOSED BANKRUPTCY CASE

Once a bankruptcy case has been closed pursuant to § 350(a),[3] the Court may reopen the case in order "to administer assets, to accord relief to the debtor, or for other cause," pursuant to § 350(b); *see also,* Fed.R.Bankr.P. 5010 ("A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Bankruptcy Code."). The permissive language of § 350(b) provides the Court

---

[2] This Memorandum of Decision states the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 9014 and 7052.
[3] Unless otherwise indicated, all statutory references refer to Title 11 of the United States Code (the "Bankruptcy Code").

3

with broad discretion to determine whether a movant has demonstrated "good cause" to reopen a case. *In re Velez,* 604 B.R. 438, 443 (Bankr. S.D.N.Y. 2019). The moving party carries the burden in establishing cause to reopen. *In re Arana,* 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011), *appeal dismissed,* 2012 WL 3307357 (E.D.N.Y. Aug. 12, 2012). In deciding whether cause exists, the court may consider equitable considerations and the facts surrounding the case. *In re Plusfunds Group, Inc.,* 589 F. App'x 41, 42 (2d Cir. 2015)(noting a decision to reopen a case "invoke[s] the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case.") (summary order).

The Bankruptcy Code does not define cause or "provide any specific criteria to guide the determination of whether to reopen" a closed case. In determining whether cause exists to reopen a case, a court may consider numerous factors and equitable concerns, including "(1) the length of time that the case was closed; (2) whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case; (3) whether prior litigation in the bankruptcy court determined that a state court would be the appropriate forum; (4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen; (5) the extent of the benefit to the debtor by reopening; and (6) whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion." *In re Ramsoomair,* No. 21-11215, 2022 WL 828307, at *4 (Bankr. S.D.N.Y. Mar. 18, 2022) (citation omitted); *see In re Dicks,* 579 B.R. 704, 708 (Bankr. E.D.N.Y. 2017) (factors to consider include "(1) the benefit to the creditors; (2) the benefit to the debtor(s); (3) whether an adverse party will be prejudiced by reopening the case; (4) whether the debtor's failure to disclose was inadvertent; (5) the amount of time that has passed since the case was closed and; (6) indications of forum shopping or other inequitable conduct.") (citations omitted). In addition, courts consider "the availability of relief in another forum [and] whether the estate has been fully administered. *In re Arana,* 456 B.R. at 172.

Although a motion to reopen is generally considered a "ministerial act," in determining whether to grant the motion, it is appropriate for the Court to review the legal merits of the relief sought upon reopening. *See In re Smith,* 426 B.R. 435, 440 (E.D.N.Y. 2010), *aff'd, Smith v. Silverman (In re Smith),* 645 F.3d. 186 (2d Cir. 2011). The bankruptcy court should only reopen a case when "relief may ultimately be afforded to a party," not when it would be "futile or a waste of judicial resources." *In re Galloway-O'Connor*, 539 B.R. 404, 407 (Bankr. E.D.N.Y. 2015) (quoting *In re Mohammed*, 536 B.R. 351, 355 (Bankr. E.D.N.Y. 2015)).

## DISCUSSION

In applying the factors to the facts and circumstances before the Court, the Court determines that Debtor has failed to establish cause to reopen his bankruptcy case.

After Debtor's bankruptcy case was dismissed in May 2017, Debtor's bankruptcy case officially closed on September 15, 2020 (doc. # 133) after he appealed the dismissal to the United States District Court and the United States Court of Appeals for the Second Circuit. As of Debtor's Motion to Reopen, Debtor's bankruptcy case had been inactive, but for the appeals processes, for seven years, and closed for nearly four years.

In the interim, Debtor and the Bank have engaged in what appears to be a litigious foreclosure process in State Court, which continues to have the matter under advisement. Debtor's Motion to Reopen complains about the Bank and foreclosure process. Those claims are more appropriately to be considered by the State Court, a nonbankrutpcy forum, which has jurisdiction to analyze the conduct of the Bank during the collection and foreclosure process.

In February 2019, while appeals were pending, the Bank sought a determination from this Court as to the applicability of the automatic stay (doc. # 118). On April 11, 2019, this Court entered an Order Granting Motion to Determine Automatic Stay Is Not In Effect and Denying Debtor's Motion to Extend Time (doc. # 122). Based upon that determination, the State Court was the appropriate forum for the disputes between Debtor and the Bank. Because the State Court retains jurisdiction and currently has the matter under advisement, the State Court remains the proper forum. Neither Debtor nor the Bank are prejudiced by this decision, as an active nonbankruptcy forum is available to each of them.

Most importantly, Debtor will not obtain any benefit by the reopening of his case. The bankruptcy case was dismissed in 2017 and while that dismissal was appealed to the United States District Court and the United States Court of Appeals for the Second Circuit, both appellate courts affirmed the dismissal of Debtor's bankruptcy case.  Accordingly, even if the motion to reopen was granted, it is clear at the outset that no relief would be forthcoming to Debtor. Likewise, none of Debtor's creditors would receive any benefit from the reopening of the case.

## CONCLUSION

For the reasons set forth above, the Court denies Debtor's Motion to Reopen (doc. # 135). This memorandum of decision constitutes the Court's findings of fact and conclusions of law.

August 7, 2024  
Burlington, Vermont

Heather Z. Cooper  
United States Bankruptcy Judge

5